UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Theresa Ann Spear,<br><br>    Plaintiff,<br><br>    v.<br><br>Commissioner of Social Security,<br><br>    Defendant. | Civil Action No. 2:22–cv–191 |

## ORDER

On October 3, 2023, the parties appeared before the Court for a hearing on Plaintiff Theresa Ann Spear's Motion for Order Reversing the Commissioner's Decision (Doc. 20) and the Commissioner's Motion for Order Affirming the Commissioner's Decision (Doc. 23). (*See* Minute Entry No. 28.)

During the hearing, the Commissioner represented that because Plaintiff received Retirement Insurance Benefits (RIB) prior to her full retirement age, her RIB is limited to the amount set at the time of her application. The Administrative Law Judge (ALJ), however, found that Plaintiff could have "properly requested a withdrawal of her application for early retirement" in January 2015. (AR 15.) Had she timely withdrawn her application, the ALJ noted, she would not have been subject to the reduction in RIB "due to early retirement." (*Id.*); *see also* 20 C.F.R. § 404.640(d) ("If we approve a request to withdraw an application, the application will be considered as though it was never filed.").

On January 2, 2015, Plaintiff requested to suspend her benefits. (AR 44.) Believing that her benefits were suspended, Plaintiff returned to work to increase her earnings record and therefore the amount of her retirement benefit. (*See* Doc. 20-1 at 3.) The Social Security

Administration (SSA) concedes that Plaintiff's "benefits from January 2015 through May 2018 were improperly suspended under the waiver of benefits provision." (AR 75.) To rectify this mistake, SSA paid Ms. Spear the benefits "withheld erroneously for this period." (*Id.*) The Commissioner asserted at the October 3 hearing that this payment placed Ms. Spear in the same position she would have been in had SSA not processed her request for suspension as a waiver. Thus, the Commissioner argues that payment of Plaintiff's improperly withheld benefits from the time of her request until the error was discovered was the proper remedy. It does not appear, however, that SSA considered remedying the error by permitting Ms. Spear to withdraw her application for benefits.

Ms. Spear represents that she would have chosen to withdraw her application and repay the benefits received in 2014 if suspending benefits was not an option. She further represents that she had the means to repay the benefits in January 2015.[1] (Doc. 24 at 2 ("I am more than happy to repay all amounts necessary in order to begin receiving my proper age 70 benefits.").) Ms. Spear points to a communication from SSA advising that if she had "never suspended" her benefits in 2015, "never collected any benefits at all (no deduction applied for the year that you collected) and . . . waited until October 2021 . . . [her] benefit would be $3376." (Doc. 20-2.) She also attaches her New Benefit Amount notification from SSA for 2023 showing her monthly benefit amount as $2,627.90. (Doc. 20-3.) The difference in these amounts is $748.10, or approximately $9,000 per year. Therefore, Ms. Spear argues that SSA's remedy placed her in a

---

[1] The ALJ noted that to qualify for a withdrawal, Plaintiff "would have had to repay the benefits received from January 2014 through December 2014 and there is no indication in the record that that was the claimant's intent . . . ." (AR 15.) As the Court noted at the October 3 hearing, this at least raises the question whether the ALJ should have developed the record on this issue. The ALJ did not appear to inquire further into the issue at the hearing. *See Moran*, 569 F.3d at 112 ("[e]ven when a claimant is represented by counsel, . . . [i]t is the ALJ's duty to investigate and develop the facts").

worse position because it reduced her benefits for the remainder of her life notwithstanding her additional years of work.

The Court requests further briefing on: (1) whether withdrawal of Plaintiff's application for benefits at the present time is a legally available alternative remedy to SSA's payment of withheld benefits; and (2) how SSA's payment of past benefits from 2015 to 2018 placed Ms. Spear in the same position she would have been in had SSA not processed her request for suspension as a waiver, and specifically addressing Ms. Spear's assertion that the agency's processing of her request as a waiver resulted in a reduction in her monthly benefit.

Ms. Spear essentially contends that her decision to suspend her benefits in 2014 was based on receipt of erroneous information from SSA. As to this point, the parties should also address: (3) whether the Court should construe Ms. Spear's Complaint as asserting a misinformation claim under 20 C.F.R. § 404.633 or other authority addressing a claimant's recourse when she relies to her detriment on erroneous agency information.

In reviewing the SSA's decision in Ms. Spear's case, the ALJ noted that he was unable to exercise equitable authority in this case; rather, his authority was limited to consideration of the case under applicable regulations. (*See* AR 33.) This Court, however, must construe Plaintiff's Complaint and papers to raise the strongest arguments they suggest. As a result, the Court must consider whether the facts of the case warrant equitable relief. *See Tipadis v. Comm'r*, 284 F. Supp. 3d 517, 523 (S.D.N.Y. 2018) (construing Plaintiff's argument as seeking equitable relief). Plaintiff requests that she "be permitted to withdraw [her] application for benefit . . . and repay the 12 months of benefits" she received in 2014. (Doc. 20-1 at 6.) To the extent that the requested relief remains an option, it would require equitable tolling because an application for withdrawal of benefits must be made within twelve months of entitlement under 20 C.F.R. § 404.640(b)(3)–(4). Given the ALJ's statement that Plaintiff could have requested a withdrawal

3

in January 2015 and that the effect "would have [been] eliminat[ion] [of] the reduction in [Plaintiff's] primary insurance benefit due to early retirement," the Court requests further briefing on: (4) the potential application of equitable tolling to deem timely Ms. Spear's present request to withdraw her application for benefits.

Accordingly, the Commissioner shall submit post-hearing briefing addressing the above issues on or before October 25, 2023. Plaintiff may respond in writing to the Commissioner's submission on or before November 8, 2023.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 11th day of October 2023.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge
